UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

UNITED STATES OF AMERICA                    CRIMINAL ACTION NO. 03-50075

versus

CARL PRATT                                  JUDGE S. MAURICE HICKS, JR.

**MEMORANDUM RULING**

Before the Court is CARL PRATT'S ("Pratt") motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Based on the following, Pratt's motion is **DENIED**.

**I.    FACTUAL HISTORY**

Pratt's conviction and sentence stemmed from a search warrant executed at Pratt's residence in 2002. The search revealed a "Maverick" model Mossberg Shotgun, Model 88, 12 Gauge and five rounds of ammunition, a plastic bag containing marijuana residue, a bag containing twenty-seven baggies of marijuana totaling 486 grams, .44 caliber ammunition, cash and other items associated with the drug trade. During an interview, Pratt admitted he had purchased and cooked crack cocaine and had obtained the shotgun from a friend. Pratt also indicated that he knew he was a felon and was not supposed to be in possession of any firearm.

Pratt was indicted on a two-count Indictment charging him with Possession of a Firearm by a Convicted Felon and Criminal Forfeiture in violation of 18 U.S.C. §§ 922(g)(1) and (2) and 18 U.S.C. §924(d)(1). Pratt filed a motion to suppress the evidence found at the residence. After an evidentiary hearing, the magistrate judge issued a report and recommendation suggesting that the motion to suppress be denied. This Court reviewed the report and recommendation and the Pratt's objections and made an independent

review of the record before denying the motion to suppress. Pratt, after a jury trial, was found guilty of both counts on January 7, 2004.

## II. PROCEDURAL HISTORY

On April 22, 2004, Pratt was sentenced to 104 months imprisonment with three years of supervised release to follow. The Fifth Circuit affirmed Pratt's sentence and conviction. Pratt contends that his counsel failed to file a writ of certiorari with the Supreme Court at Pratt's direction. The instant motion was timely filed and is the first of Pratt's section 2255 motions. Pratt claims the following errors require a granting of the instant motion: (1) Miranda violation; (2) improper judicial fact finding during sentencing; (3) double jeopardy; (4) ineffective assistance of counsel based on (a) failure to file writ of certiorari in the Supreme Court and (b) failure to file numerous other motions.[1]

---

[1] Pratt also filed a motion to amend his 2255 motion based on the recent Fifth Circuit case United States v. Jeffries, 2009 WL 3682596 (5th Cir. 2009). In Jeffries, the Fifth Circuit held that where a defendant was convicted on felon in possession he could not be enhanced for possessing a gun in the commission of a felony because there was a single cocaine rock in the back of his car where the gun was found. There is no indication that the case was intended to be retroactive or that Pratt's counsel could have anticipated such a result from this case. Therefore, this Court has denied the motion to amend as untimely and will not consider the argument. However, even if this Court were to consider the argument, the Jeffries case is distinguishable. First, Jeffries' arrest and enhancement resulted from, the search of a car, not a home. One would expect a higher level of control over ones possessions in a home than in a car since a car is by its nature used to transport people and different items between places and lends itself to transience. A home, on the other hand, is where one's things are kept safe. Pratt has admitted that he originally procured the gun for the protection of his home. Further, in Jeffries, the police found a single cocaine rock that the Fifth Circuit held may not have even originated with Jeffries; such an amount could not have been for distribution and could only have supported a charge of possession. The Fifth Circuit noted that there was no indication that the gun furthered the possession of the drug. Here, Pratt was found with 27 baggies of marijuana, scales, additional bags, and empty bags with marijuana residue; they also found a shotgun in the same room as the drugs which were obviously packaged for drug trafficking as well as ammunition for other weapons. As noted above, Pratt admitted at the scene that he believed that he needed a gun for the protection of his home where the drugs were found. The sentencing court noted that the paraphernalia was obviously for drug trafficking and not

**III. LAW AND ANALYSIS**

Section 2255 "provides relief for a petitioner who can establish that either (1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack." U.S. v. Seyfert, 67 F.3d 544, 546 (5th Cir. 1995). The government argues that Pratt's section 2255 claims cannot be presently considered. "Challenging a conviction and sentence with a section 2255 motion is fundamentally different from a direct appeal." United States v. Samuels, 59 F.3d 526, 528 (5th Cir. 1995). The Fifth Circuit has held:

> Relief under 28 U.S.C.A. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding.

United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (citations omitted). "Section 2255 does not reach errors of a constitutional or jurisdictional magnitude that could have been reached by direct appeal." United States v. Seyfert, 67 F.3d 544, 546 (5th Cir. 1995). In order to raise an issue for the first time on collateral review, a petitioner must show both cause for his procedural default and actual prejudice resulting from the error. United States v. Segler, 37 F.3d 1131, 1133 (5th Cir. 1994). If a petitioner is not able to show cause and prejudice, he must establish actual innocence. United States v. Flores, 981

---

for personal consumption. In Pratt's case, the ease of association between drugs and guns is readily apparent. There is no doubt that the gun was facilitating his drug trade. Thus, Pratt's case is distinguishable on its facts and even if it were to be deemed retroactive, it would give Pratt no solace.

F.2d 231, 236 (5th Cir. 1993).

      Here, Pratt claims he was not advised of his <u>Miranda</u> rights before being interviewed on the day of the search.  This issue has been raised already once in this Court in the motion to suppress and was not raised on appeal.  Pratt has not presented any new arguments that would affect the decision and merely desires a review of previously visited legal issues.  Further, this January 29, 2010is an issue that could have been raised on appeal and was not.  Pratt gives no legally cognizable reason for the failure to raise the issue on appeal and has not established actual innocence.  Therefore, Pratt's claim that he was not advised of his <u>Miranda</u> rights cannot be considered by this court.[2]

      Pratt also challenges his sentence based on improper judicial fact finding,[3] a claim

---

[2] Pratt further claims that he was improperly subjected to double jeopardy when the "law officials came to my home and questioned me and found evidence that they did not used (sic)."  Pratt believes that his due process rights were violated because the warrant was for cocaine and they did not find cocaine but rather other drugs and guns.  He further states that their failure to arrest him at that time subjected him to Double Jeopardy.  This appears to be a stand alone claim.  His only reason for not raising this issue on appeal is that trial counsel would not raise the issue when asked.  This is not a sufficient cause and because of the meritless nature of the claim, Pratt cannot establish prejudice.  Therefore, this Court will not consider the claim separately but will consider it out of an abundance of caution as part of the ineffective assistance of counsel claim.

[3] Even if this Court could consider this claim, it is without merit.  Under the statute, Pratt could have been sentenced up to 120 months.  Thus, Pratt could still have been sentenced up to 120 months regardless of a reduction in his guidelines range.
      Further, it is well established that judicial fact finding is allowed in the context of sentencing so long as it does not increase the sentence beyond the statutory maximum. See <u>U.S. v. Mares</u>, 402 F.3d 511, 519 (5th Cir. 2005) ("[T]he Sixth Amendment will not impede a sentencing judge from finding all facts relevant to sentencing.  The sentencing judge is entitled to find by a preponderance of the evidence all the facts relevant to the determination of a Guideline sentencing range and all facts relevant to the determination of a non-Guidelines sentence.").  Here, as noted by the court at sentencing, the statutory maximum was 120 months.  Thus, 104 months, Pratt's sentence, is well within the statutory limit and any finding of the court in the context of this sentencing requires only a preponderance of the evidence.
      Pratt argues that he should not have been considered an armed career criminal or have been given an enhancement for possessing a gun in the commission of a

that was raised on direct appeal and rejected. It is well settled in the Fifth Circuit that issues which are raised and rejected on direct appeal cannot form the basis of a section 2255 motion. Therefore, we cannot entertain this claim.

However, the Supreme Court held in Massaro v. United States, 538 U.S. 500 (2003), that an "ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under §2255, whether or not the petitioner could have raised the claim on direct appeal." Thus, we will consider Pratt's claim of ineffective assistance of counsel.

Pratt alleges his counsel was inadequate for (1) failing to file various motions and (2) failing to file a writ of certiorari to the Supreme Court.

To prevail on a claim of ineffective assistance of counsel, Pratt must prove (1) that his counsel's actions fell below an objective standard of reasonableness and (2) that his counsel's ineffective assistance was prejudicial. See Strickland v. Washington, 466 U.S. 668 (1984); Wong v. Belmontes —U.S.—, 130 S.Ct. 383 (2009); Bryant v. Scott, 28 F.3d 1411, 1414-1415 (5th Cir. 1994). Under the first prong on the Strickland analysis, the Court is to presume that the attorney's actions are encompassed within the wide range of reasonable competence and fall under the ambit of trial strategy. See Strickland, 466 U.S. at 689. Pratt may overcome this presumption only by showing that under the "totality of

---

felony, but he provides no proof absent his own speculation and objections that such enhancements were improper. The Fifth Circuit has stated:
> Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition (in state and federal court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value. . . . [M]ere conclusory allegations do not raise a constitutional issue in a habeas proceeding.

Ross v. Estelle, 694 F.2d 1008, 1011-1012 (5th Cir. 1983) (citations omitted).
Thus, Pratt's claim that his rights were violated by the improper judicial fact finding are meritless and cannot serve the basis of a successful section 2255 motion.

the circumstances," the attorney's performance was "outside the wide range of professionally competent assistance." Id. at 690. An attorney cannot be considered ineffective simply for failing to raise a meritless claim. Sones v. Hargett, 61 F.3d 410, 415 n.5 (5th Cir. 1995).

To establish prejudice, Pratt must show "that there is a reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different." Murray v. Maggio, 736 F.2d 279, 282 (5th Cir. 1984); Belmontes 130 S.Ct. 383 (2009). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. To satisfy the prejudice prong of the Strickland test in the context of a non-capital sentencing proceeding, Pratt must establish "a reasonable probability that, but for the deficient performance of counsel, his sentence would have been significantly less harsh." United States v. Seyfert, 67 F.3d 544, 548 (5th Cir. 1995). If Pratt fails to establish either prong of the Strickland test, then his claim of ineffective assistance of counsel must fail.

## A. Failure to file various motions

Pratt claims that his counsel was constitutionally deficient for failing to file various motions. We will only consider the specific motions mentioned by Pratt. Pratt lists the motions by subject matter and so we will analyze them by his own nomenclature. First, Pratt claims his counsel failed to file at his direction a motion claiming double jeopardy based on the facts that the search warrant was ostensibly for cocaine and the police did not find cocaine. Second, Pratt complains that his due process rights were violated when the police did not arrest him immediately when they found a gun in his home during the search. Third, Pratt alleges that his counsel was deficient for not filing for a copy of the

arrest and search warrant which Pratt claims would have shown that the warrant was for drugs and not guns and that Pratt was not arrested at the time of the search.

All of the listed motions appear to be meritless. There is no case presented by the Petitioner or that this Court is aware of which would support even remotely the argument that a failure to arrest at the time of the discovery of evidence is a due process violation. Further, there is no indication that double jeopardy ever attached in this case. The execution of the search warrant and resulting statements by Pratt do not implicate any type of double jeopardy concern. Further, there is no evidence absent Pratt's own speculation that he was not given a copy of the search and arrest warrant or that having a copy would have given him evidence of anything but a meritless claim of a constitutional violation.

An attorney cannot be considered ineffective simply for failing to raise a meritless claim. <u>Sones</u>, 61 F.3d at 415 n.5. Additionally, filing pretrial motions is considered an integral part of trial strategy. <u>United States v. Wilwright</u>, 56 F.3d 586, 589-91 (1994); <u>Schwander v. Blackburn</u>, 750 F.2d 494, 500 (5th Cir. 1985). Pratt's counsel filed numerous motions in this case including a motion to suppress which was denied. This shows the attorney's engagement and use of strategy in determining how best to represent Pratt. On these facts, Pratt's counsel's failure to file what appear to be extremely meritless motions falls within the wide range of reasonable competence and ambit of trial strategy allowed by the Supreme Court. Therefore, Pratt fails to establish his counsel's actions fell below an objective standard of reasonableness and thus fails the first prong of the <u>Strickland</u> test.

## B. Failure to file writ of certiorari in a timely fashion

Pratt also alleges that his counsel was constitutionally deficient for failing to file a writ of certiorari with the Supreme Court in a timely manner. The appointment of counsel

on discretionary appeal is not mandated even for indigent defendants. Ross v. Moffitt, 417 U.S. 600 (1974) (holding that the states, like the federal government, have no obligation to provide counsel for defendants who are seeking a writ of certiorari from the Supreme Court); Clark v. Johnson, 227 F.3d 273 (5th Cir. 2000) (holding that a defendant's rights are not violated where they are not appointed counsel for a discretionary appeal to the Supreme Court of the United States). Further, counsel's failure to seek a writ of certiorari from the Supreme Court even where instructed is not sufficient to establish that a conviction is constitutionally infirm. United States v. Lauga, 762 F.2d 1288 (5th Cir. 1985); see also Wainwright v. Torna, 455 U.S. 586 (1982) ("Since respondent had no constitutional right to counsel, he could not be deprived of the effective assistance of counsel by his retained counsel's failure to file the application [writ of certiorari to the Florida Supreme Court] timely"). Therefore, Pratt's claim is without merit and counsel's failure to file does not satisfy either prong of the Strickland test.

**IV. Conclusion**

For the foregoing reasons, Pratt's claims all fail. Therefore, his motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Record Document 42) is **DENIED**.

A judgment consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 1st day of February, 2010.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE